LACEY v. UNITED STATES.

DAVIS v. VAN ARSDALE.

KEPPLE v. VAN ARSDALE
(three cases).

Civil Actions Nos. 50–464,
50–370 to 50–373.

United States District Court,
D. Massachusetts.

June 8, 1951.

Joseph P. Rooney, Paul V. Power and Gaston Snow Rice & Boyd, all of Boston, Mass., for Lawrence Lacey and John C. Van Arsdale.

George F. Garrity, U. S. Atty., and Edward O. Gourdin, Asst. U. S. Atty., both of Boston, Mass., for the United States.

James L. Vallely, Langan, Lawless & Dempsey, Robert B. Irvin, all of Boston, Mass., for Edward Davis.

John F. Cremens, Boston, Mass., for third party defendant Avco Mfg. Co.

Andrew B. Goodspeed and Willard, Petersen, Goodspeed & Cameron, all of Boston, Mass., for Piper Aircraft Corporation.

James M. Langan, Langan, Lawless & Dempsey, Boston, Mass., for Harold Kepple.

SWEENEY, Chief Judge.

In Civil Action No. 50–464, the administrator of the estate of a pilot who lost his life in Massachusetts Bay after his plane had fallen into the water seeks to recover against the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 1346, by reason of the allegedly negligent failure of the Coast Guard to rescue his decedent. In the other actions the Court had issued an

order permitting the original defendant, Van Arsdale, to file and serve a third party complaint against the United States operating through its Coast Guard service. The United States has appeared specially and moved to vacate the third party complaint order, and in the first case, Civil Action No. 50–464, has filed a motion to dismiss for lack of jurisdiction. The decision upon the Government's motions will turn upon the question of its liability to the original plaintiffs by reason of an allegedly negligent failure to rescue the deceased after the plane in which they had been riding had been projected into the waters of Massachusetts Bay.

It is well settled common law that a mere bystander incurs no liability where he fails to take any action, however negligently or even intentionally, to rescue another in distress. The moving parties urge here that the Coast Guard is charged by statute with the responsibility of saving lives at sea, and a civil tort liability for negligence is thereby created which would be otherwise non-existent. With this I cannot agree. The statute, 14 U.S.C.A. § 1 et seq., invokes a military discipline of rewards and punishments to promote the proper performance of their duties by Coast Guard personnel, but nowhere in the statute is there created a right to be rescued in the sense of an award of civil damages for the negligent failure of the Coast Guard to attempt to rescue a person in distress. It is not for the Court to create this right where such a novel tort liability is neither contemplated by the basic statute nor recognized by prior law. It is true that, while the common law imposes no duty to rescue, it does impose on the Good Samaritan the duty to act with due care *once he has undertaken rescue operations*. The rationale is that other would-be rescuers will rest on their oars in the expectation that effective aid is being rendered. See 64 Harvard Law Review, p. 919. Under this theory it is argued here that the Coast Guard is liable because it did undertake to rescue the deceased but negligently failed to reach the plaintiffs while they were still alive. That the Government does not come within the Good Samaritan rule is demonstrated by the fact that the complaint does not show that the Coast Guard's rescue attempt reached the stage where other would-be rescuers were induced to cease their efforts in the belief that the Coast Guard had the situation in hand. Since the deceased were in no way deprived of other available help by the Coast Guard operations, there is no tort liability on the Coast Guard for its allegedly negligent failure to save the deceased. In the cases other than Civil Action No. 50–464, there is an additional ground for striking the third party complaint order, and that is that the allowance of such an order would bring into play an entirely different cause of action from that originally relied upon by the plaintiffs, and would only operate to confuse the original issues in the case.

From the foregoing I conclude and rule that there is no liability on the part of the United States Coast Guard to these plaintiffs, and therefore the Government's motions to vacate the third party complaints are allowed, and in Civil Action No. 50–464 the motion to dismiss is allowed.