William A. DAVIDSON, Plaintiff,

v.

UNITED STATES STEEL
CORPORATION,
Defendant.

Civ. A. No. 80–1765.

United States District Court,
W.D. Pennsylvania.

Aug. 8, 1984.

John A. Meyer, Pittsburgh, Pa., for plaintiff.

S.G. Clark, Jr., Pittsburgh, Pa., for defendant.

## MEMORANDUM

ZIEGLER, District Judge.

Plaintiff, a black employee of United States Steel Corporation, seeks certification of a class under Federal Rule 23(b)(2). Plaintiff alleges that he and approximately 80 other black persons have been denied employment opportunities as a result of the company's practice of requiring apprentice candidates to take a discriminatory, non-job-related test. Because we find that plaintiff has failed to meet the four prerequisites for a class action under Rule 23(a), we shall deny his motion for class certification.

## I. *History of Case*

From 1967 to 1982, plaintiff was employed by United States Steel as a laborer. Starting in 1973, he was employed in the power and fuel department at the Edgar Thomson Works. In 1976, plaintiff was awarded a position as Apprentice Welder No. 1 in the central maintenance department. As a result, Davidson was entered into the Company's Centralized Apprentice School (C.A.S.), located at the Duquesne Works. There, he received instruction and training in the Welder Apprenticeship Training Program. The program required two weeks of instruction in basic mathematics and blueprint reading. To be awarded a welding position, plaintiff had to achieve scores of 70 percent or more on the math and blueprint test. While plaintiff passed the blueprint test on his second try with a score of 70 percent, he repeatedly failed the math test. After each of his first four failures, he was readmitted to C.A.S. for additional instruction in mathematics. According to an affidavit by the C.A.S. administrator, plaintiff was removed from the apprenticeship program following a fifth failure of the math test, having attained a score of 52 percent.

Following his removal from the program, plaintiff filed a charge with the Equal Employment Opportunity Commission, alleging that he and other black employee-apprentices had been discriminated against by the company due to the administration of a non-job-related test. He complained that the test was discriminatory because black persons failed the exam in disproportionate numbers as compared to whites. After receiving his "right to sue" letter from the Commission, plaintiff filed with this court a class action complaint under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–2. Plaintiff seeks injunctive relief and back pay the court deems appropriate.

## II. *Class Action Prerequisites*

Rule 23(a) provides four prerequisites to a class action in federal court. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. These prerequisites are mandatory in all class actions, including civil rights actions based on race discrimination. In *General Telephone Company of the Southwest v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2373, 72 L.Ed.2d 740 (1982), the Supreme Court held that "a Title VII class action, like any other class action, may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." If any of the prerequisites is not met, the named plaintiffs cannot maintain a class action but may proceed to individually litigate their claims. *Wetzel v. Liberty Mutual Insurance Company*, 508 F.2d 239 (3d Cir.1975), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). Therefore, our role is to engage in a "rigorous analysis" as required by the Supreme Court.

First, we consider whether the class is so numerous that joinder of all members is impracticable. Plaintiff seeks to represent a class of individuals consisting of past, present and future black production and maintenance employees at seven plants of United States Steel Corporation. Plaintiff claims that the class consists of about 80 "potential class members" who have failed the apprentice tests. Plaintiff arrived at this figure after reviewing 20,000 files maintained by United States Steel. For purposes of this discussion, we will assume that the 80 employees identified by plaintiff are sufficient to meet the numerosity prerequisite of Rule 23(a).

Second, we consider whether there are questions of law or fact common to the class. This prerequisite was identified by the Supreme Court as, perhaps, the most critical requirement for class action suits. As the Court stated in *Falcon:*

Class relief is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and when the 'turn on questions of law applicable in the same manner to each member of the class.' ... For in such cases, 'the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every (class member) to be litigated in an economical fashion under Rule 23.' (Quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 [99 S.Ct. 2545, 2557, 61 L.Ed.2d 176] (1979). 457 U.S. at 155, 102 S.Ct. at 2370.

Plaintiff has identified several questions of law and fact that are common to the class. He inquires whether the apprenticeship tests bear any practical relationship to the skilled or trade positions sought. He asks whether the tests have been prepared in such a way as to discriminate against black persons. He asks whether the tests and their administration have resulted in a disparate impact on blacks. These are questions common to the class identified by plaintiff. Thus, the second prerequisite to Rule 23(a) is met.

■ Third, we consider whether the claims or defenses of the representative party are typical of the claims or defenses of the class. A "class representative must be part of the class and possess the same interests and suffer the same injury as the class members." *Scott v. University of Delaware*, 601 F.2d 76, 85 (3d Cir.1979), *cert. denied*, 444 U.S. 931, 100 S.Ct. 275, 62 L.Ed.2d 189 (1980). A representative's claim should be considered typical if it arises from the same event, practice or course of conduct that gives rise to the claims of the other class members and if the claims of the representative are based on the same legal theory. 7 Wright & Miller § 1764. One of the functions of this prerequisite is "to screen out class actions when the legal or factual position of the representative is markedly different from that of other members of the class even though common issues of law or fact are raised." *Coca-Cola Bottling Company of*

*Elizabethtown, Inc. v. Coca-Cola Company*, 98 F.R.D. 254, 266 (D.C.Del.1983); 7 Wright & Miller § 1764. Therefore, we must examine plaintiff's claims to determine whether each is typical of the claims of the class he has identified.

■ In his complaint, Davidson alleges that class relief is needed because black persons are being denied opportunity to occupy semi-skilled jobs or trades solely by reason of their failure to pass ability tests or examinations. He alleges that class relief is needed because black persons have been denied the compensation, terms, conditions and privileges of employment pursuant to a seniority system which relies in part on the results of these ability tests. Then he claims that "the persons of this class are so numerous that joinder of all of the members is impracticable." However, plaintiff has not identified any person other than himself who has been denied a job or trade due to failure to pass these tests. Plaintiff has not identified such a class in his complaint, nor has he identified such a class in his motion for class certification. The class identified by plaintiff, which bears no relationship to his individualized claims, is a class of black employees who failed apprentice ability tests. As the case of plaintiff amply demonstrates, mere failure of the tests does not result in loss of opportunities. Davidson himself was re-enrolled in the C.A.S. program four times before the company removed him from the apprenticeship program. Nowhere in the record is there evidence that any other member of the putative "80–member class" did not successfully complete the apprenticeship program after initially failing a test. Indeed, according to the C.A.S. administrator's affidavit, the various plants continued to schedule apprentices for further course study and retests despite failure of written examinations. Plaintiff has failed to offer this court any evidence to show that he is not a class of one.

Because we hold that plaintiff has not satisfied the third prerequisite for a class

action under Rule 23(a), we need not consider the fourth requirement, namely, whether William Davidson will fairly and adequately protect the interests of the class.

### III. *Conclusion*

■ The party seeking to utilize the class action mechanism has the burden of demonstrating that the mandatory requirements of Rule 23(a) are met. *Wetzel v. Liberty Mutual Insurance Co., supra.* We hold that plaintiff has failed to meet the burden of establishing that his claims are typical of the claims of the class he has identified. We will deny plaintiff's motion for class certification.