**Alma E. LLOYD, et al., Plaintiffs,**

**v.**

**CITY OF PHILADELPHIA and American Federation of State, County and Municipal Employees, District Council 33, Defendants.**

**Civ. A. No. 87–8292.**

United States District Court, E.D. Pennsylvania.

Aug. 22, 1988.

Charles N. Sweet, Richard D. Adamson, Ellis H. Katz, Curtin & Heefner, Morrisville, Pa., Michael I. Levin, Cleckner & Fearen, Abington, Pa., for plaintiffs.

Ralph J. Teti, Chief Deputy City Sol. Philadelphia, Pa., for defendant.

Leonard Spear, Samuel L. Spear, Spear, Wilderman, Sigmond, Borish, Endy & Silverstein, and Richard Kirschner, Craig Becker, Kirschner, Weinberg & Dempsey, Philadelphia, Pa., for American Federation of State, County and Mun. Employees, Dist. Council 33 intervenor-defendant.

## MEMORANDUM

KATZ, District Judge.

The plaintiffs brought this action under 42 U.S.C. § 1983, alleging that the City of Philadelphia ("City") infringes their rights of free speech and free association guaranteed by the first and fourteenth amendments of the United States Constitution by requiring them to join District Council 33 of the American Federation of State, County and Municipal Employees ("AFSCME" or "the union") in order to hold certain City jobs. The question now before the court is whether to grant the plaintiffs' motion for class certification. For the reasons set forth below, the court will certify the class provisionally.

## I. BACKGROUND

On April 4, 1961, the City passed an ordinance, which authorized the mayor to enter into an agreement with AFSCME under which certain City employees would be required to join the union. The City and AFSCME entered into that agreement on April 10, 1961, and the agreement remains in effect today, though with some modifications. The agreement creates three categories of City employees: mandatory, voluntary, and prohibited. An employee holding a job in the prohibited category may not be a member of the union. An employee holding a job in the voluntary category is not required to join the union but may do so if she wishes. She may leave the union at any time.

The plaintiffs in this case hold positions in the mandatory category. A person who is hired for a position that is designated as mandatory must join AFSCME when she completes a period of probationary employment, which lasts approximately six months. She may voluntarily join the union before the end of the probationary period. Once a person joins the union, she receives health benefits, for which the City pays, through a plan that AFSCME operates. Other City employees may participate in a variety of health plans. All AFSCME members, whether their jobs are designated as mandatory or voluntary, must pay the same amount of union dues.

A person with a job in the mandatory category may withdraw from the union only during a 15–day period each year. Depending upon when an employee joins the union, she may have to wait between six months and two years before being eligible to leave the union during this 15–day period. If a person who had previously left the union is promoted, demoted, reinstated, or transferred to a new position in the mandatory category, she must rejoin the union.

The plaintiffs seek a judgment declaring the 1961 ordinance and the City's agreement with AFSCME unconstitutional to the extent that they require union membership and payment of full union dues as a condition of employment. They also seek to have the court permanently enjoin the City from requiring membership in AFSCME and payment of full union dues as a condition of employment. In addition, the plaintiffs want the court to order the City to refund with interest the union dues it withheld from December 21, 1985 to the present ("the class period") from the wages of employees who were required to be union members at any time during that period and who object to that requirement. In the alternative, the plaintiffs seek reimbursement of that portion of the union dues paid by these employees during the class period which AFSCME used to support activities unrelated to collective bargaining.[1]

At some time during the class period, the City required each of the plaintiffs, as a condition of employment, to join AFSCME and pay dues. Plaintiffs Alma LLoyd and Mary Jane Young withdrew from the union in June 1988, six months after they filed the complaint in this action. Plaintiff Robert Porreca left the union before the complaint was filed but during the class period.[2]

In their motion for class certification, the plaintiffs ask the court to certify a class under Federal Rule of Civil Procedure ("Rule") 23(b)(1)(B) and 23(b)(2) that "consists of all current employees of the City in the mandatory category who were required to join the Union as a condition of their employment with the City, and all former employees whose employment terminated within two years of the date of the filing of this action who were in the mandatory category and were required within said period of time to join the Union as a condition of employment and pay membership dues." In its memorandum in opposition to the motion, AFSCME argues that it is inappropriate to certify a class in cases, such as this, that challenge union security agreements. AFSCME also argues that the class does not satisfy the requirements for certification set forth in Rule 23(a), 23(b)(1)(B), and 23(b)(2).[3]

## II. DISCUSSION

### A. The Propriety of a Class Action and the Members of the Class

■ AFSCME correctly argues that if anyone is entitled to relief on the merits of this case, it is not every person who has been forced to join the union, but only those people who have been forced to join the union against their will. *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209, 238–42, 97

---

1. See ¶ 20 of the plaintiffs' complaint and pages 4–5 of the plaintiffs' pretrial memorandum.

2. The fourth plaintiff, Cynthia Thomas, withdrew from this case on July 19, 1988 by stipulation of the parties.

3. The City of Philadelphia has not filed any document in opposition to the plaintiffs' motion for class certification.

S.Ct. 1782, 1801–03, 52 L.Ed.2d 261 (1977); *Brotherhood of Ry. Clerks v. Allen*, 373 U.S. 113, 119, 83 S.Ct. 1158, 1162, 10 L.Ed. 2d 235 (1963). Those who object to compulsory union membership must make their objection known. The court may not presume dissent. *Chicago Teachers Union, Local No. 1 v. Hudson*, 475 U.S. 292, 306 and n. 16, 106 S.Ct. 1066, 1076 and n. 16, 89 L.Ed.2d 232 (1986); *Abood, supra*, 431 U.S. at 238–42, 97 S.Ct. at 1801–03; *Allen, supra*, 373 U.S. at 118–19, 83 S.Ct. at 1161–62; *International Ass'n of Machinists v. Street*, 367 U.S. 740, 774, 81 S.Ct. 1784, 1803, 6 L.Ed.2d 1141 (1961). Although the decision to object is a matter of individual conscience, it does not follow, as AFSCME suggests, that it is improper *per se* to certify a class in this case. A class action may be appropriate so long as the class is limited to those people who were required to join the union and who object to that requirement.[4] Such people need not express their objections before they bring a lawsuit. *Abood, supra*, 431 U.S. at 239, 241–42, 97 S.Ct. at 1801, 1802–03; *Allen, supra*, 373 U.S. at 118–19 and n. 6, 83 S.Ct. at 1161–62 and n. 6. Accordingly, the court will determine whether this limited class, and not the class of all City employees required to join the union, meets the criteria for class certification of Rule 23.[5]

## B. The Requirements of Rule 23(a)

The plaintiffs bear the burden of establishing the four threshold requirements of Rule 23(a): (1) that the class is so numerous that joinder of all members is impracticable, (2) that there are questions of law or fact common to the class, (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) that the representative parties will fairly and adequately protect the interests of the class. The plaintiffs' failure to establish any one of these requirements will be fatal to their motion for class certification. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982).

### 1. Impracticability of joinder

Rule 23(a)(1) requires the class to be "so numerous that joinder of all members is impracticable." Courts have not specified a minimum number of class members, and they have certified classes with as few as fifteen members. *E.g., Manning v. Princeton Consumer Discount Co.*, 390 F.Supp. 320 (E.D.Pa.1975), *reh'g*, 397 F.Supp. 504 (E.D.Pa.1975), *aff'd*, 533 F.2d 102 (3d Cir.1976), *cert. denied*, 429 U.S. 865, 97 S.Ct. 173, 50 L.Ed.2d 144 (1976). *See also* 7A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1762 (1986). A court may even certify a class whose size is unknown, if common sense or common knowledge indicates that it will be large. *In re Three Mile Island Litig.*, 95 F.R.D. 164, 166 (M.D.Pa.1982); *Bartelson v. Dean Witter & Co.*, 86 F.R.D. 657, 676 (E.D.Pa.1980). On the present record in this case, the court cannot determine whether the class meets the impracticability requirement. The plaintiffs suggest that the potential class could exceed ten thousand employees, but mere speculation does not satisfy the requirement of Rule 23(a)(1). *Harrison v. Simon*, 91 F.R.D. 423, 431 (E.D.Pa.1981) (citing 7A C. Wright, A. Miller & M. Kane, *supra*, at § 1762). All the court knows at this point is that the four original plaintiffs object to compulsory union membership and that fourteen other people, who are potential members of the class, do not.[6]

### 2. Common questions of law or fact

Rule 23(a)(2) specifies that there must be questions of law or fact common to the class. The threshold of commonality is not high, *In re School Asbestos Litig.*, 789 F.2d 996, 1010 (3d Cir.1986), *cert. de-*

---

4. The plaintiffs appear to agree with this conclusion in their reply memorandum (pages 1–2, 10–11).

5. The affidavits that AFSCME submitted with its memorandum in opposition to the motion for class certification indicate that some people who were required to join the union did not object to that requirement.

6. See the affidavits submitted with AFSCME's memorandum in opposition to the plaintiffs' motion for class certification.

*nied sub nom. Celotex Corp. v. School District,* 479 U.S. 852, 107 S.Ct. 182, 93 L.Ed.2d 117 (1986), *and sub nom. National Gypsum Co. v. School District,* 479 U.S. 915, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986), and the plaintiffs have satisfied it in this case. There are at least three questions of law common to the class: whether the ordinance violates the constitutional rights of class members by requiring them to join the union as a condition of employment; whether the ordinance violates the class members' constitutional rights by compelling them to pay union dues as a condition of employment; and whether the class members are entitled to a refund of dues withheld from their wages during the class period. There are few questions of fact in dispute in the case, and most of those are also common to the class. The most notable exception is the amount of the refund to which individual class members may be entitled, but such amounts would be easy to calculate.

### 3. Typicality of the class representatives' claims

■ Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of the claims or defenses of the class. "One of the functions of this prerequisite is 'to screen out class actions when the legal or factual position of the representative is markedly different from that of other members of the class even though common issues of law or fact are raised.'" *Davidson v. United States Steel Corp.,* 104 F.R.D. 1, 3 (W.D.Pa.1984) (quoting *Coca–Cola Bottling Co. v. Coca–Cola Bottling Co.,* 98 F.R.D. 254, 266 (D.Del.1983)). The litigation posture of the class representatives must be sufficiently co-extensive with the respective postures of the other class members so that the class members' causes of action are fully, fairly, and vigorously prosecuted. *Sley v. Jamaica Water & Util.,* 77 F.R.D. 391, 394 (E.D.Pa.1977). The court should view the claim of a class representative as typical if it "arises from the same event, practice or course of conduct that gives rise to the claims of the other class members and if the claims of the representative are based on the same

legal theory." *Davidson, supra,* 104 F.R.D. at 3.

■ In this case, the potential class representatives object to the requirement that they join AFSCME and pay dues as a condition of their employment. They also seek to recover the union dues that they paid during the class period. These claims are identical to the claims of the members of the class that the court has defined. AFSCME argues that because all of the plaintiffs have exercised the option to withdraw from the union, their claims are not representative of the claims of those class members who are not yet eligible to leave the union. That argument fails, however, because the plaintiffs are still subject to the compulsory union membership requirement if they are promoted, demoted, or transferred to a new position in the mandatory category. Consequently, the claims of the plaintiffs, who are the potential class representatives, are typical of the claims of the class.

### 4. Adequacy of representation

■ Rule 23(a)(4) specifies that the representative parties must fairly and adequately protect the interests of the class. Adequacy of representation depends upon two factors: the plaintiffs' attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and the plaintiffs must not have interests antagonistic to those of the class. *Wetzel v. Liberty Mut. Ins. Co.,* 508 F.2d 239, 247 (3d Cir.1975), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415 (1975); *Bogosian v. Gulf Oil Corp.,* 561 F.2d 434, 449 (3d Cir.1977), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978). The defendants have not challenged the qualifications of the plaintiffs' attorneys, and the court has no reason to doubt their qualifications. For the reasons discussed above, the plaintiffs' interests are not antagonistic to those of the class. The Rule 23(a)(4) requirement is therefore satisfied.

### B. The Requirement of Rule 23(b)(1)(B)

■ The court may certify the class if the prerequisites of Rule 23(a) are satisfied

and if one of the requirements of Rule 23(b) is also satisfied. The requirement of Rule 23(b)(1)(B) is that:

> the prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

Fed.R.Civ.P. 23(b)(1)(B). The supplementary notes of the advisory committee regarding this rule state that:

> [C]lause [b(1)(B)] takes in situations where the judgment in a nonclass action by or against an individual member of the class, while not technically concluding the other members, might do so as a practical matter. The vice of an individual action would lie in the fact that the other members of the class, thus practically concluded, would have had no representation in the lawsuit.

This case involves the situation that the advisory committee contemplated. If the court finds that the compulsory union membership requirement violates the constitutional rights of City employees who object to it, and if the court enjoins future enforcement of the requirement, that ruling would be dispositive of the constitutional rights of all employees currently in the mandatory category as well as those employees who obtain positions in that category in the future. This case, therefore, satisfies the requirement of Rule 23(b)(1)(B).

## C. The Requirement of Rule 23(b)(2)

■ In order to certify a class under Rule 23(b)(2), the court must find that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). Again, the supplementary notes of the advisory committee are instructive:

> [S]ubdivision [b(2)] is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate.... The subdivision does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages. Action or inaction is directed to a class within the meaning of this subdivision even it has taken effect or is threatened only as to one or a few members of the class, provided it is based on grounds which have general application to the class.

This case fits squarely within the requirement of Rule 23(b)(2). The compulsory union membership requirement affects all City employees in the mandatory category who object to the requirement. Thus, if the court grants declaratory or injunctive relief, such relief would be appropriate for the whole class. While the final relief sought includes monetary damages, the predominant remedy that the plaintiffs seek is declaratory and injunctive.[7] *See Probe v. State Teachers' Retirement Sys.*, 780 F.2d 776, 780 (9th Cir.1986), *cert. denied,* 476 U.S. 1170, 106 S.Ct. 2891, 90 L.Ed.2d 978 (1986); *Senter v. General Motors Corp.*, 532 F.2d 511, 525 (6th Cir.1976), *cert. denied,* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976).

## III. CONCLUSION

The court finds that it may be appropriate to certify a class in this case, if the composition of the class is limited to (1) all current employees of the City who hold jobs in the mandatory employment category, who were required to join AFSCME and pay union dues as a condition of their employment with the City, and who object to that requirement; and (2) all former employees of the City whose employment terminated during the class period, who were in the mandatory employment category and were required during the class period to

---

**7.** See ¶ 20 of the plaintiffs' complaint and pages 4–5 of the plaintiffs' pretrial memorandum.

join AFSCME and pay union dues as a condition of employment, and who object to that requirement. The court further finds that this class satisfies the second, third, and fourth prerequisites of Rule 23(a) as well as the requirements of Rule 23(b)(1)(B) and Rule 23(b)(2). With respect to the first prerequisite of Rule 23(a)—namely, that the class is so numerous that joinder of all members is impracticable—the court does not have sufficient information to make a finding. Consequently, the court will certify the class provisionally, permit the parties to conduct additional discovery to determine whether the class satisfies the impracticability prerequisite, and make a final ruling on class certification after considering the plaintiffs' motion to certify the class permanently, limited to the impracticability issue, and any responses to that motion.

An appropriate order follows.

### ORDER

AND NOW, this 22nd day of August, 1988, upon consideration of the plaintiffs' Motion For Class Certification, the response of defendant District Council 33 of the American Federation of State, County and Municipal Employees ("AFSCME"), and the plaintiffs' reply memorandum, it is ORDERED as follows:

1. The class whose membership is described below is certified provisionally:

(a) all current employees of the City of Philadelphia who hold jobs in the mandatory employment category described in the City ordinance of April 4, 1961, who were required to join AFSCME and pay union dues as a condition of their employment with the City, and who object to that requirement; and (b) all former employees of the City of Philadelphia whose employment terminated within two years of the date that the complaint in this action was filed, who were in the mandatory employment category and were required during that time period to join AFSCME and pay union dues as a condition of their employment with the City, and who object to that requirement.

2. The parties have 30 days from the date of this order to conduct additional discovery related to the issue of whether the class is so numerous that joinder of all members is impracticable. Fed.R.Civ.P. 23(a)(1).

3. The plaintiffs have 45 days from the date of this order to file a motion to certify the class permanently, which shall be limited to the issue of impracticability. Any responses to the plaintiffs' motion shall likewise be limited to the issue of impracticability and shall be filed within the time limits of Local Rule of Civil Procedure 20(c) and Federal Rule of Civil Procedure 6.