Bill J. HOLZHAUSER, Plaintiff,

v.

CONTAINER CORPORATION OF AMERICA and Kliklok Corporation, Defendants,

and

CONTAINER CORPORATION OF AMERICA, Third-Party Plaintiff,

v.

TRAVENOL LABORATORIES, INC., Third-Party Defendant.

Civ. No. 80–3010.

United States District Court, W. D. Arkansas, Harrison Division.

March 8, 1982.

Ronald P. Kincade, Kincade & Cunningham, Mountain Home, Ark., and Donald J. Adams, Adams, Covington & Younes, Harrison, Ark., for plaintiff.

Sidney P. Davis, Jr., Davis, Cox & Wright, Fayetteville, Ark., for Container Corp. of America.

Winslow Drummond, Wright, Lindsey & Jennings, Little Rock, Ark., for Kliklok Corp.

Tom Harper, Jr., Harper, Young, Smith & Maurras, Fort Smith, Ark., for Travenol Laboratories, Inc.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

In this case, the plaintiff, an employee of third-party defendant, Travenol Laborato-

ries, Inc. (Travenol), filed suit against Container Corporation of America (Container) and Kliklok Corporation, alleging that he was seriously injured when equipment that he was operating at his place of employment struck him in the head. He prayed for $500,000.00 damages against Container and Kliklok.

Subsequently, Container filed a third-party complaint against the employer, Travenol, alleging that a lease agreement in which it leased to Travenol the equipment which allegedly caused the injury contained provisions in which Travenol expressly agreed to indemnify it from any damages or losses resulting from the operation of the equipment.

■ Travenol filed a motion to dismiss and statement in support, claiming that the filing of the third-party complaint was premature because Arkansas law provides that a claim for indemnity does not accrue until it can be shown that the indemnitee (Container) has paid the obligation in controversy. In support of this position, it cites *Larson Machine, et al. v. Wallace*, 268 Ark. 192, 600 S.W.2d 1 (1980), and points to language in that opinion at p. 214 of 268 Ark., 600 S.W.2d 1 which it says supports its position. While it is true that the quoted language by Justice Fogelman states rather unequivocally that a cause of action on a claim for indemnity does not accrue until the indemnitee has actually paid the claim, we believe that when the entire opinion is read as a whole, it does not support the position of the third-party defendant. In fact, after making the cited statement, Justice Fogelman goes on to say:

> The failure of one seeking indemnity to pursue his right by third party pleading bringing in a new party would not.preclude him from subsequently maintaining an action. *C & L Rural Electric Cooperative Corp. v. Kincaid* [221 Ark. 450, 256 S.W.2d 337], supra. It was appropriate, however, for a third party complaint (or cross-complaint) for indemnity to be served on a party to the action before the cause of action accrues, to avoid a multiplicity of actions. *Sheftman v. Balfour*

*Housing Corp.* [30 Misc.2d 924, 219 N.Y. S.2d 461], supra; *Morey v. Sealright Co.,* 41 Misc.2d 1068, 247 N.Y.S.2d 306 (1964); *Board of Education, School Dist. 16 v. Standhardt*, 80 N.M. 543, 458 P.2d 795 (1969); *Beights v. W. R. Grace & Co.* [62 F.R.D. 546], supra.

Thus, when the entire opinion in *Larson, supra*, is considered, it appears clear that what the Arkansas Supreme Court, in fact, held was that while in that particular case it was premature for the indemnitee to ask for judgment against the indemnitor, it would be proper under Arkansas' third party practice, which is similar to Rule 14 of the Federal Rules of Civil Procedure, for the third party action to be filed to avoid a multiplicity of actions.

■ In any event, even if it is assumed for the sake of argument that Arkansas would not allow a third party action to be filed in a case such as this, it is still clear that Arkansas does recognize, under the circumstances present in this case, a cause of action for indemnity. Since that is the case, whether a third party action will be allowed in this particular instance is procedural in nature, and Rule 14 of the Federal Rules of Civil Procedure controls. In other words, even if it assumed for the sake of argument that a third party action in this case will not be permitted under Arkansas procedure, that is not controlling since Arkansas law clearly does grant the substantive right to the relief that would accrue to the third-party plaintiff under the applicable Arkansas law, and the question of when that right is exercisable is procedural in nature.

Rule 14 provides, in pertinent part:
At any time after commencement of the action a defending party, as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.* [Emphasis supplied].

The purpose of Rule 14 is well stated in 6 Wright, Miller & Cooper, Fed.Prac. & Proc.: Third Party Practice § 1442, as follows:

The objective of rule 14 is to avoid the situation that arises when a defendant has been held liable to plaintiff and then finds it necessary to bring a separate action against a third individual who may be liable to defendant for all or part of plaintiff's original claim. When the rights of all three parties center upon a common factual setting, economies of time and expense can be achieved by combining these suits into one action. Doing so eliminates duplication in the presentation of evidence and increases the likelihood that consistent results will be reached when multiple claims turn upon identical or similar proof. [Citing cases].

The courts have consistently held that impleader is proper only in cases where there is a right to relief under the provisions of applicable substantive law. *General Dynamics Corp. v. Adams*, 340 F.2d 271 (5th Cir. 1965); *Travelers Insurance Co. v. Busy Electric Co.*, 294 F.2d 139 (5th Cir. 1961); *Goldlawr, Inc. v. Shubert*, 276 F.2d 614 (3rd Cir. 1960); *Smith v. Whitmore*, 270 F.2d 741 (3rd Cir. 1959); *Brown v. Cranston*, 132 F.2d 631 (2d Cir. 1942); *Colton v. Swain*, 527 F.2d 296 (7th Cir. 1975).

As was pointed out above, Arkansas law provides the substantive law that is to be applied in this case, and as is apparent from *Larson, supra*, the law in Arkansas is that the indemnitee has a cause of action against the indemnitor. Since that is the case, even if Arkansas procedure would not allow a third-party complaint to be filed under the circumstances (an assumption that we do not believe is an accurate one), Rule 14 of the Federal Rules of Civil Procedure which provides the procedure to be followed in this case still, in the Court's view, allows the third party action. In 6 Wright, Miller & Cooper, Fed.Prac. & Proc.: Third Party Practice § 1451, it is pointed out:

Rule 14 allows defendant to implead one "who . . . may be liable to him for all or part of plaintiff's claim." The words "may be liable" mean that defendant is permitted to join someone against whom a cause of action has not yet accrued, provided that his claim is contingent upon the success of plaintiff's action and will accrue when defendant's liability is determined in the main action or plaintiff's claim is satisfied. [Citing cases].

Even if state law fails to provide a procedural device for the acceleration or concurrent determination of liability as part of the principal lawsuit, impleader may still be allowed under Rule 14 if state law recognizes the substantive right, but merely fails to provide for acceleration of the cause of action. *Colton v. Swain*, 527 F.2d 296 (7th Cir. 1975); *D'Onofrio Construction Co. v. Recon Co.*, 255 F.2d 904 (1st Cir. 1958); *Niece v. Sears, Roebuck & Co.*, 293 F.Supp. 792 (D.C.Okla.1968); *Goldstein v. Compudyne Corp.*, 45 F.R.D. 467 (D.C.N.Y.1968).

We interpret Arkansas law, and specifically *Larson, supra*, to hold that Arkansas recognizes a substantive right for an indemnitee to sue an indemnitor in circumstances such as those present in the case at bar, and interpret *Larson* to say only that the indemnitee is not entitled to a judgment against the indemnitor until it can be shown that the indemnitee has paid the claim. Third-party defendant argues that since *Larson* so holds, the cause of action should not be allowed until the claim is paid. In the event that liability is determined to be against the third-party defendant, the Court may either grant a conditional judgment against the third-party defendant that does not become enforceable until the third-party plaintiff satisfies the original judgment or may permit judgment to be entered but stay execution until the third-party plaintiff can demonstrate that it paid. *Travelers Insurance Co. v. Busy Electric Co.*, 294 F.2d 139 (5th Cir. 1961); *United Gas Corp. v. Guillory*, 206 F.2d 49 (5th Cir. 1953); *Burris v. American Chicle Co.*, 120 F.2d 218 (2d Cir. 1941); *Smith v. Whitmore*, 270 F.2d 741 (3rd Cir. 1959).

An order will be entered denying the motion to dismiss of the third-party defendant.