**Z.B., by his mother and next friend, Tara KILMER, Plaintiff,**

v.

**AMMONOOSUC COMMUNITY HEALTH SERVICES, INC., et al., Defendants.**

Nos. CIV. 03–540–JM (NH), CIV. 04–34–P–S (ME).

United States District Court, D. Maine.

Nov. 30, 2004.

Michael P. Hall, Hall, Stewart, Murphy, Brown & Hutchins, Manchester, NH, for Z,B., by his mother and next friend, Tara Kilmer.

Donald J. Perrault, Wadleigh, Starr, Peters, Dunn & Chiesa, Manchester, NH, for Littleton Regional Hospital.

## MEMORANDUM DECISION ON MOTION FOR LEAVE TO SERVE THIRD–PARTY COMPLAINTS

DAVID M. COHEN, United States Magistrate Judge.

Littleton Regional Hospital, one of the named defendants, seeks leave to serve third-party complaints for contribution on Tara Kilmer and Adam Boyer in this action arising out of alleged personal injuries to Z.B., which was transferred to this court from the District of New Hampshire due to the recusal of the judges of that district. Motion for Leave to Serve Third–Party Complaints (Docket No. 41) at 1. The plaintiff opposes the motion, relying on the Rules Enabling Act, 28 U.S.C. § 2072,[1] and a New Hampshire statute, N.H. Rev.Stat.Ann. § 507:7–g. Plaintiff's Memorandum in Support of Objection to Littleton Regional Hospital's Motion for Leave to Serve Third Party Complaints, etc. ("Opposition") (Docket No. 48) at 1–2. Different judges of the United States District Court for the District of New Hampshire have come to different conclusions on this issue.

In general, when a party seeks to implead a third party under Fed.R.Civ.P. 14(a), as is the case here, a federal district court "should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings." *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 393 (1st Cir. 1999). In this case, the plaintiff does not contend that allowing the impleading of two third-party defendants on a claim for contribution will unduly delay this action or would prejudice the proceedings in any way other than as discussed below.

The federal Rules Enabling Act provides, in relevant part, that procedural rules prescribed by the United States Supreme Court, like Fed.R.Civ.P. 14(a), "shall not abridge, enlarge or modify any substantive right. All

laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). New Hampshire has specific statutory rules for contribution claims. The state statute at issue here provides, in relevant part:

> All ... claims for contribution shall be resolved by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator may be entered in any court have jurisdiction thereof except as follows:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (c) Notwithstanding the foregoing, if and only if the plaintiff in the principal action agrees, a defendant seeking contribution may bring an action in contribution prior to the resolution of the plaintiff's principal action, and such action shall be consolidated for all purposes with the principal action.

N.H. Rev.Stat.Ann. § 507:7–g(IV)(c). The plaintiff in this case clearly has not agreed to allow Littleton Regional Hospital to seek contribution from the proposed third-party defendants in this action.

In *Connors v. Suburban Propane Co.*, 916 F.Supp. 73 (D.N.H.1996), Judge McAuliffe held that the conflict between Fed. R.Civ.P. 14(a), which allows impleader without consent of the plaintiff, and RSA § 507:7–g, which does not, was to be resolved under the Rules Enabling Act by applying the state statute rather than the federal rule because the statute bestowed on plaintiffs a substantive right, the right to exclude third-party defendants, 916 F.Supp. at 77–81. In *Chapman v. Therriault*, 1998 WL 1110691 at \*2–\*3, 40 Fed.R.Serv.3d 1384 (D.N.H. Apr.13, 1998), Judge Devine disagreed with the *Connors* decision, holding that the right conferred on plaintiffs by the state statute was procedural rather than substantive.[2]

---

1. The plaintiff incorrectly cites to section 2702 of Title 28, but it is apparent that section 2072 was the intended citation.

2. In *Riccitelli v. Water Pik Techs., Inc.*, 203 F.R.D. 62 (D.N.H.2001), United States Magistrate Judge Muirhead observed that he was "not inclined to disregard Judge McAuliffe's decision

in *Connors*, although I recognize that the conclusion in that case has been called into question," *id.* at 63, but found it unnecessary to resolve the issue in that case.

Chief Judge Barbadoro reached the same conclusion in *Gilbert v. CPM Constructors,* Docket No. CV–96–481–B (D.N.H. Feb. 21, 1998), slip op. at 2–3. I agree with Judges Barbadoro and Devine that the New Hampshire statute at issue—conditioning a defendant's right to assert a contribution claim in the plaintiff's principal case on the plaintiff's consent—is procedural rather than substantive. The right to engage in third-party practice of this kind does not implicate a "primary decision[ ] respecting human conduct which our constitutional system leaves to state regulation," *Chapman,* 1998 WL 1110691 at *3 (quoting concurrence in *Hanna v. Plumer,* 380 U.S. 460, 475, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). Contrary to the plaintiff's argument, Opposition at 6–8, I see nothing in the opinion in *Nilsson v. Bierman,* 150 N.H. 393, 839 A.2d 25 (2003), that requires a different result.

According, the motion of defendant Littleton Regional Hospital for leave to implead and serve third-party defendants is **GRANTED.**