McNeil v. Nissan Motor Company, et al CV-04-199-JM  04/14/05  P

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Scott McNeil

    v.                                  Civil No. 04-cv-199-JM
                                           Opinion No. 2005 DNH 065

Nissan Motor Company, Ltd., et al.

**O R D E R**

The Court has before it for consideration four motions pending in the above-captioned matter.  For the reasons set forth herein, Plaintiff's Motion to Certify Questions of Law to the New Hampshire Supreme Court (document no. 20) is denied.  Defendants' Motion to File a Third Party Complaint (document no. 16) is granted.  Defendants' memoranda of law, denominated as motions, pertaining to the issue of whether comparative negligence applies to crashworthiness actions under New Hampshire law (document no. 21), and to issues concerning joint tortfeasors, impleader, and apportionment (document no. 22) are deemed moot.

### Background

This action arises out of a single car, single occupant, car accident that occurred on November 16, 2003 in Manchester, New Hampshire, while the Plaintiff was driving a 1996 Nissan Maxima

that was manufactured and/or sold by the Defendants. Plaintiff alleges that he while he was driving the car, the car went out of control resulting in a rear end collision with a tree. "As a result of the . . . collision, Plaintiff's seatback collapsed rearward, negating the protective effect of the head restraint and causing Plaintiff to be unrestrained in the upright seated position and not kept in place." Compl., ¶ 13. Plaintiff alleges that the defective design and/or manufacture of the seatback caused a collapse during the first collision that thereby caused a second collision in which Plaintiff's head was directed rearward and upward into the car's roof, thereby breaking Plaintiff's neck and causing quadriplegia. Id., ¶ 14.

The Defendants deny that there was a design or manufacturing defect with the subject car's seatback and further deny that Plaintiff's injuries resulted from any negligence on their part. Ans., ¶¶ 18-35. Defendants asserted as an affirmative defense the Plaintiff's comparative fault in causing the initial accident and in failing to use the subject car's restraints in a proper manner. The Defendants seek leave of court to file a third-party complaint against Nicholas Tolios ("Tolios") asserting that Tolios must be considered a joint tortfeasor in this action under

2

the law of New Hampshire social host liability.  Defendants allege that Tolios was reckless in his service of alcohol to Plaintiff, who was at that time a minor, prior to the car accident, and that Tolios was reckless in allowing the Plaintiff to drive, or in failing to prevent the Plaintiff from driving, a car while intoxicated, which Defendants assert caused the Plaintiff to get into the accident and to sustain the injuries complained of in this action.

Defendants filed an objection to Plaintiff's motion to certify questions of law.  Plaintiff filed an objection to Defendants' motion to file a third-party complaint.

## Discussion

I.   Plaintiff's Motion to Certify Questions of Law

A.   Consideration of a Plaintiff's
     Comparative Fault in a Crashworthiness Case

The application of the crashworthiness doctrine under New Hampshire law was discussed extensively in Trull v. Volkswagen of Am., Inc., 761 A.2d 477 (N.H. 2000).  The doctrine "extends the scope of liability of a manufacturer to the situations in which the construction or design of its product has caused separate or enhanced injuries in the course of an initial accident brought about by an independent cause."  Id. at 479.  A manufacturer is

3

liable "for that portion of the damage or injury caused by the defective design over and above the damage or injury that probably would have occurred as a result of the impact or collision absent the defective design." Id. at 480.

Plaintiff argues that there is no controlling New Hampshire precedent as to whether a plaintiff's accident causing comparative fault may be asserted as an affirmative defense in a crashworthiness case. Defendant responds that the applicability of a plaintiff's comparative fault in a crashworthiness case has been patently resolved in New Hampshire, and urges the Court to deny the motion to certify the question to the New Hampshire Supreme Court. The Court examines the relevant authorities next.

In Thibault v. Sears, Roebuck & Co., 395 A.2d 843, 845 (N.H. 1978), the plaintiff's foot was injured by a lawn mower the defendant manufactured. Contrary to the defendant's warnings, the plaintiff mowed a steep slope on his property up and down rather than lengthwise. Id. After the plaintiff lost his balance and fell, his foot slipped under the mower's housing causing the blade to injure his foot. Id. Plaintiff claimed that the defendant was strictly liable, or liable in negligence, because the mower lacked a rear trailing guard. Id. After the

4

jury returned a defendant's verdict, the plaintiff appealed.  Id.

The New Hampshire Supreme Court noted that unlike workmen's compensation and no-fault insurance, strict liability is not a no-fault system of compensation.  Id. at 845-846.  Instead, the court found, the principle of comparative causation applies in strict liability cases.  Id. at 848.  In reaching its decision, the court considered the California Supreme Court's discussion in Daly v. Gen. Motors Corp., 575 P.2d 1162 (Cal. 1978), a case in which a driver sustained fatal injuries after a car accident during which the driver's door opened and the driver was ejected from the car.  In Daly, the defendant asserted as a defense the comparative negligence of the decedent based on the decedent's alleged failure to use a seat belt or door lock despite warnings in the owner's manual.  The California Supreme Court stated:

> Because plaintiff's case rests upon strict products liability based on improper design of the door latch and because defendants assert a failure in decedent's conduct, namely, his alleged intoxication and nonuse of safety equipment, without which the accident and ensuing death could not have occurred, there is thereby posed the overriding issue in the case, should comparative principles apply in strict products liability actions?

Thibault, 395 A.2d at 849 (quoting Daly, 575 P.2d at 1165).  The California Supreme Court concluded that comparative principles

5

should apply and the New Hampshire Supreme Court agreed.  <u>Id.</u>

As Plaintiff points out, <u>Thibault</u> does not address the specific issue of whether a plaintiff's accident causing fault should be treated any differently in a crashworthiness case because the injuries in <u>Thibault</u> were caused by a lawnmower. That the New Hampshire Supreme Court relied upon the facts and analysis of <u>Daly</u>, however, where the plaintiffs alleged that an car manufacturer should be found liable for enhanced injuries caused by a second collision that would not have occurred in the absence of the initial accident, provides strong support for the Defendants' contention that New Hampshire law requires the application of the principles of comparative fault in a crashworthiness action.

Subsequent New Hampshire cases further support Defendants' argument.  In <u>Reid v. Spadone Mach. Co.</u>, 404 A.2d 1094, 1098-99 (N.H. 1979), the New Hampshire Supreme Court reiterated that a plaintiff's comparative fault may be considered in a strict products liability case.

> The manufacturer or seller faced with an allegation of
> strict liability in tort for a defective design may
> have several defenses against liability, for example,
> product misuse or abnormal use, . . ., and what was
> formerly termed contributory negligence or unreasonable
> assumption of the risk . . . .  These defenses relate

to the comparative fault of the plaintiff and are now classified as "plaintiff's misconduct."

Id. at 1098-99, overruled on other grounds, Daigle v. City of Portsmouth, 534 A.2d 689, 704 (N.H. 1987); see also, Chellman v. Saab-Scania AB, 637 A.2d 148, 152 (N.H. 1994) (holding that a car manufacturer could assert the plaintiff's misconduct as an affirmative defense in a strict products liability case); Cyr v. J.I. Case Co., 652 A.2d 685, 695 (N.H. 1995) (finding that the foreseeability of the plaintiff's misconduct does not bar the defendant from asserting that misconduct as an affirmative defense in a strict liability action); Kathios v. Gen. Motors Corp., 862 F.2d 944, 947 (1st Cir. 1988) (recognizing that the concept of comparative causation applies to products liability actions under New Hampshire law under the term "plaintiff's misconduct").

The Chellman decision is particularly notable in that the plaintiff in that case alleged that injuries he suffered in a car accident resulted from design defects in the car's handling characteristics, door latch, and seat belt retraction assembly. Chellman, 637 A.2d at 152. The plaintiff alleged that the three defects were independent of one another. Id. While the alleged handling defect could be directly attributed to causing the

7

accident, the plaintiff further alleged that he was injured because of the opening of the driver side door after the car went out of control and began to rollover, and because when the car came to rest the plaintiff was outside of the car with the seat belt pulled out of the retraction device but still strapped around him.  Id. at 149.  The court did not make any distinction between the three alleged defects in holding that the plaintiff's misconduct may be asserted as an affirmative defense to the plaintiff's strict liability claims.  The distinction that the Plaintiff attempts to make between strict liability cases generally and crashworthiness cases in particular is unpersuasive and I reject it.  See, e.g., Ritch v. AM General Corp., No. Civ. 93-451-SD, 1997 WL 834214 at *3 (D.N.H. 1997) (finding that the crashworthiness doctrine does not foreclose proof of the plaintiff's negligence in assessing comparative fault).

Moreover, the New Hampshire comparative fault statute, as amended in 1986, provides further support for Defendants' position in that the statute now makes clear that the principles of comparative fault apply to all tort actions, including strict liability cases.[1]  See Bohan v. Ritzo, 679 A.2d 597, 601 (N.H.

---

[1]The statute provides in relevant part:

8

1996).  The Court finds that New Hampshire law is sufficiently settled in favor of the view that a defendant may assert plaintiff's misconduct in defense to a strict products liability action involving alleged enhanced injuries that certification of the question to the New Hampshire Supreme Court is not required.

B.   Contribution or Apportionment from a
     Third-Party Tortfeasor In a Crashworthiness Case

The New Hampshire statute pertaining to comparative fault, apportionment of damages, and contribution among tortfeasors provides in relevant part that "a right of contribution exists between or among 2 or more persons who are jointly and severally liable upon the same indivisible claim, or otherwise liable for the same injury, death or harm, whether or not judgment has been recovered against all or any of them."  RSA 507:7-f.  Defendants argue that Nicholas Tolios is a joint tortfeasor in this action because he recklessly served alcohol to Plaintiff, who was then a

_____

> Contributory fault shall not bar recovery in an action by any plaintiff or plaintiff's legal representative, to recover damages in tort for death, personal injury or property damage, if such fault was not greater than the fault of the defendant, or the defendants in the aggregate if recovery is allowed against more than one defendant, but the damages awarded shall be diminished in proportion to the amount of fault attributed to the plaintiff by general verdict.

N.H. Rev. Stat. Ann. ("RSA") 507:7-d.

minor, and allowed Plaintiff to drive while intoxicated or failed

to prevent him from driving, and thereby proximately caused

Plaintiff's injuries.[2]  Plaintiff argues that there is no

controlling New Hampshire precedent that determines whether a

manufacturer may seek contribution or apportionment of damages

from a third-party tortfeasor who only contributed towards

causing the initial accident in a crashworthiness or enhanced

injury second collision case.  The Court disagrees.

The New Hampshire Supreme Court's decision in Trull

sufficiently answers the question that plaintiff proposes for

certification.  In particular, the court held that:

> In crashworthiness cases involving indivisible
> injuries, . . . plaintiffs must prove that a 'design
> defect was a substantial factor in producing damages
> over and above those which were probably caused as a
> result of the original impact or collision.  Once the
> plaintiffs make that showing, the burden shifts to the
> defendants to show which injuries were attributable to
> the initial collision and which to the defect.

Id. at 482 (citation and internal alterations omitted).  The New

Hampshire Supreme Court noted in Trull that similar reasoning

applies in the rule that "two or more tortfeasors may be jointly

and severally liable where their negligence, through their

---

[2]Under New Hampshire law, a social host may be liable to an
injured plaintiff for the reckless service of alcohol.
Hickingbotham v. Burke, 662 A.2d 297, 301 (N.H. 1995).

10

independent acts, produces a single, indivisible, injury." Id.
(citing Carpenter v. W. H. McElwain Co., 97 A. 560, 561-62 (N.H.
1916)); see also Cram v. New England Tel. & Tel. Co., 172 F.
Supp. 395, 396 (D.N.H. 1958) (same). There is little doubt that
the New Hampshire Supreme Court intended that the principles of
contribution and apportionment between joint tortfeasors apply in
a crashworthiness case involving an indivisible injury.
Whether a plaintiff's injuries are indivisible is a question of
law for the trial judge. Trull, 761 A.2d at 483. The injuries
that Plaintiff suffered as a result of the car accident in this
case, quadriplegia, must be considered to be indivisible and
subject to the law of contribution and apportionment among joint
tortfeasors discussed above. See id. (citing Mitchell v.
Volkswagenwerk, AG, 669 F.2d 1199, 1206 (8th Cir. 1982)).

Plaintiff's focus on the factors that caused the initial
accident is misplaced. In a crashworthiness case under New
Hampshire law involving indivisible injuries, once the plaintiff
makes a prima facie showing that the defendants' conduct
contributed as a proximate cause to the plaintiff's injuries, the
defendants bear the burden of apportioning their respective
liability. See Trull, 761 A.2d at 482-483; see also, Kathios,

11

862 F.2d at 950 (rejecting plaintiff's argument that the percentage of plaintiff's negligence or misconduct is only to be calculated in relation to the particular defendant that plaintiff elects to sue in a case involving multiple alleged tortfeasors). The Court finds that certification of the Plaintiff's second question to the New Hampshire Supreme Court is not required.

C.    Remaining Issues

Plaintiff proposes to certify a third question to the New Hampshire Supreme Court regarding whether "a third-party tortfeasor, not joined by the Plaintiff as an original defendant nor agreed to by the Plaintiff as a third-party defendant pursuant to RSA 507:7g, constitute a 'party' under RSA 507:7-e Apportionment of Damages."  For the reasons discussed below, the Court finds that Defendants should be granted leave to file a third-party complaint against Nicholas Tolios under Fed. R. Civ. P. 14(a).  Once Tolios is joined as a party in the instant case, there will be no basis for not also considering Tolios to constitute a party under RSA 507:7-e.  Therefore, the Court finds that Plaintiff's third proposed question does not require certification to the New Hampshire Supreme Court.

Finally, Plaintiff proposes as a fourth question for

certification whether in a crashworthiness case under New Hampshire law the trial court should instruct the jury to consider evidence, if sufficient, that the plaintiff was not wearing his seatbelt, or was improperly wearing his seatbelt, on the issue of proximate cause. Defendants object to this proposed question in that the discovery conducted to date indicates that the Plaintiff was wearing his seat belt at the time of the accident. The Defendants do not have any evidence at this stage of the case that Plaintiff either was not wearing his seat belt or that he was wearing his seat belt improperly. Accordingly, the Court finds that there is no need at this point to certify the Plaintiff's fourth proposed question.

In sum, the Court finds that with regard to the four questions that the Plaintiff proposes be certified to the New Hampshire Supreme Court, the questions are either sufficiently answered under New Hampshire law, or do not require certification at this time. Therefore, the Plaintiff's motion to certify questions of law is denied.

## II. Defendants' Motion to File a Third-Party Complaint

Defendants move for entry of an order permitting them leave to file a third-party complaint against Nicholas Tolios under

13

Fed. R. Civ. P. 14(a).[3] Plaintiff objects asserting that its consent is required before the Defendants may implead a third-party defendant under RSA 507:7-g, IV (c), which provides that a defendant seeking contribution may bring an action in contribution prior to the resolution of the plaintiff's principal action that shall be consolidated with the principal action "if and only if the plaintiff in the principal action agrees."

This Court has subject matter jurisdiction over this action by virtue the parties' diversity of citizenship. See 28 U.S.C. § 1332. In a diversity action, federal courts must apply state law on substantive issues. Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938). However, on procedural issues, when a federal rule of civil procedure is directly on point, and conflicts with state

---

[3]Rule 14(a) provides in pertinent part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.

Fed. R. Civ. P. 14(a).

14

practice, the federal rule governs. Hanna v. Plumer, 380 U.S.
460, 471 (1965).

Plaintiff argues that the consent requirement of RSA 507:7-g
is a substantive right afforded to plaintiffs under New Hampshire
law that ought not be infringed by application of Fed. R. Civ. P.
14(a). This argument has been raised by other plaintiffs and
repeatedly rejected. See Chapman v. Therriault, No. Civ. 97-372-
SD, 1998 WL 1110691 at *2-3 (D.N.H. Apr. 13, 1998) (holding that
the plaintiff's right to withhold consent, and thereby defeat a
defendant's attempt to implead a joint tortfeasor, is a
procedural rather than a substantive rule); Gilbert v. CPM
Constructors, No. C-96-481-B, slip op., (D.N.H. Feb. 21, 1998)
(same); Z.B. v. Ammonoousuc Cmty. Health Servs., Inc., 225 F.R.D.
60 (D. Me. 2004) (applying New Hampshire law and agreeing with
the decisions in Chapman and Gilbert).

There is one case that has been decided in Plaintiff's favor
on this issue. See Connors v. Suburban Propane Co., 916 F. Supp.
73, 80 (D.N.H. 1996). That decision, however, has been called
into question by the cases previously cited and by a leading
federal practice treatise. See 3 James Wm. Moore et al., Moore's
Federal Practice § 14.07 (3d ed. 2004) ("According to the

15

[Connors] court, permitting impleader would eviscerate a substantive right bestowed upon the plaintiff by state law. While the opinion is carefully and thoughtfully crafted, the conclusion seems debatable."). The Court respectfully declines to follow the decision in Connors here.

The Court finds that Fed. R. Civ. P. 14(a) is in direct conflict with the consent requirement of RSA 507:7-g, but that the issue is procedural and does not warrant displacement of the federal rule with state law. Finding additionally that no undue delay or cognizable prejudice to the Plaintiff will result if the Defendants are permitted to file a third-party complaint, the Court shall grant the Defendants leave to file the proposed third-party complaint.

## III. Defendants' Motions Addressing Issues of Law

In light of the Court's rulings on the motion to certify questions of law and the motion to file a third-party complaint, the Court need not address Defendants' memoranda of law, denominated as motions, as they are moot.

## Conclusion

For the reasons set forth above, the Plaintiff's Motion to Certify Questions of Law to the New Hampshire Supreme Court

16

(document no. 20) is denied.  Defendants' Motion to File a Third Party Complaint (document no. 16) is granted.  Defendants shall file and serve their third-party complaint on Nicholas Tolios within 10 days.  Defendants' motions addressing issues of law (document nos. 21 and 22) are denied as moot.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: April 14, 2005

cc:  Stephen R. Fine, Esq.
     Mary M. McGoldrick, Esq.
     Richard P. Campbell, Esq.

17